**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES JOHNSON,<br><br>Defendant. | Criminal Action No. 02-507<br>BAH/DAR<br>**\*SEALED\*** |

**REPORT AND RECOMMENDATION**

On June 22, 2005, Defendant was sentenced by the Court (Urbina, J.) to a term of imprisonment of 15 years with credit for time served, and a four-year term of supervised release, following his plea of guilty to unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Judgment (ECF No. 55). Defendant's term of supervised release began on September 4, 2015. Probation Memorandum (ECF No. 58).

In May 2016, the Probation Office brought to the attention of the Court an instance of noncompliance by the Defendant. *See* Probation Petition (ECF No. 57): specifically, the Probation Office alleged that Defendant had been arrested and charged in Superior Court with unlawful distribution of a controlled substance, in violation of 48 DCC § 904.01(a)(1). At Defendant's initial preliminary revocation hearing, the Court (Kay, J.) granted the motion of the Probation Office "to trail" the disposition of Defendant's Superior Court case. *See* 06/16/2016 Minute Entry.

Between the dates of June 2016 and February 2018, the undersigned reviewed the status reports filed by the Probation Office, and granted the requests of the Probation Office to continue the preliminary revocation hearing until the disposition of Defendant's Superior Court case. *See* Probation Office Status Reports (ECF Nos. 60, 61, 62, 63, 66).

Defendant ultimately pled guilty in Superior Court on February 23, 2018 to attempted distribution of cocaine base. *See* Status Report (ECF No. 66). On March 13, 2018, Defendant, through counsel, conceded the alleged violation of the conditions of his supervised release during a hearing before the undersigned. *See* 03/13/2018 Minute Entry.

On April 17, 2018, in Superior Court, Defendant was sentenced to a period of incarceration of 14 months and a 60-month term of supervised release; execution of that sentence was suspended, and a one-year term of supervised probation was imposed. *See* Status Report (ECF No. 67).

The undersigned concluded the preliminary revocation hearing on April 23, 2018. Defendant's assigned Probation Officer recommended that the Court revoke Defendant's term of supervised release, and impose a sentence of 33 months of incarceration and a 36-month term of supervised release. The Probation Officer further recommended as special conditions of the term of supervised release (1) substance abuse testing; (2) participation in a program of cognitive behavioral therapy, and (3) location monitoring for a period of 90 days. *See also* Sentencing Recommendation (ECF No. 68) (proffering further justification of the recommendation). Counsel for the government concurred in the recommendation of the Defendant's Probation Officer.

Defendant, through counsel, did not oppose revocation, but recommended that the sentence imposed by this Court be limited to a period of 180 days, to be served at the Hope Village Residential Reentry Center. Additionally, Defendant recommended that this Court impose no further term of supervised release, since Defendant will be supervised while on probation in accordance with the Superior Court judgment. As grounds, Defendant's counsel maintained that in the two years since these revocation proceedings commenced, Defendant "has turned his life around"; more specifically, Defendant's counsel proffered that Defendant secured gainful employment, reported as directed, and tested negative for drug use.

The undersigned heard and, for the reasons set forth on the record, denied the request of the Probation Office and counsel for the government that Defendant be held without bond pending the completion of these revocation proceedings.  *See* 04/23/2018 Minute Entry.

The undersigned finds, as Defendant conceded, that Defendant violated his conditions of supervised release as alleged.  The violation is a Grade A violation, and the applicable Sentencing Guidelines range, given Defendant's Criminal History Category of VI, is 33-36 months.  Revocation is suggested by the Guidelines upon a finding of a Grade A violation, and is mandatory by reason of Defendant's possession of a controlled substance.

Upon consideration of the factors enumerated in 18 U.S.C. § 3553(a), the undersigned recommends that the Court revoke Defendant's term of supervised release, and impose a sentence "[to] sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Sentencing Commission, *Guidelines Manual*, §3E1.1, 514 (Nov. 2016).  The undersigned observes that the Probation Office and counsel for the government, in their recommendations, account for Defendant's criminal history, but not the seriousness of the underlying violation, *i.e.*, the offense to which Defendant pled guilty in Superior Court in February 2018: without minimizing in any way the impact upon this community posed by drug trafficking, the Superior Court judge who sentenced Defendant for that offense regarded a one-year term of probation as an appropriate measurement of punishment for it.  The undersigned therefore concludes that for purposes of the instant revocation proceedings, the underlying violation, viewed on a continuum, fairly is regarded as one of a relatively low order of seriousness.  For these reasons, the undersigned concludes that a sentence of a period of incarceration of 33 months is disproportionate.  However, the undersigned regards the recommendation made by counsel for

Defendant as one which does not fully account for Defendant's breach of trust, which this Court's sentence "primarily" is intended to address.

The undersigned therefore recommends that this Court revoke Defendant's current term of supervised release, and sentence him to (1) a period of incarceration of one year, with the opportunity for work release, and (2) a 36-month term of supervised release, to run concurrently with the term of probation imposed by the Superior Court judge, with the special conditions proposed by the United States Probation Office. The undersigned, in so recommending, has considered all of the sentencing factors outlined in 18 U.S.C. § 3553(a), and finds that the sentence recommended is sufficient, but not greater than necessary, to comply with the statutory purposed.

It is, this 23rd day of May, 2018,

**SO RECOMMENDED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEBORAH A. ROBINSON
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge